**2**

W. R. NEAL v. STATE. (No. 9161.) (Court of Criminal Appeals of Texas. Feb. 3, 1926.) Appeal from District Court, Taylor County; W. R. Ely, Judge. J. F. Cunningham and Oliver Cunningham, both of Abilene, for appellant. Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

LATTIMORE, J. This case is before us on appeal from a conviction in the district court of Taylor county for possessing equipment for manufacturing intoxicating liquor, with punishment fixed at one year in the penitentiary. Appellant has filed his request under oath in due form, asking that his appeal be dismissed, to the end that he may accept the sentence imposed upon him by the court. The request is granted. The appeal is dismissed.

---

**3**

Mrs. Ellen ROBERTS v. STATE. (No. 9959.) (Court of Criminal Appeals of Texas. Feb. 3, 1926.) Appeal from District Court, Wood County; J. R. Warren, Judge. M. D. Carlock, of Winnsboro, for appellant. Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

HAWKINS, J. The conviction was for an aggravated assault, with punishment fixed at 30 days' confinement in the county jail and a fine of $100. Proper showing is made to this court by affidavit that, since the appeal was perfected, appellant has died. It is therefore ordered that the appeal be abated.

---

**4**

Guy SANDERS v. STATE. (No. 9833.) (Court of Criminal Appeals of Texas. Feb. 3, 1926.) Appeal from District Court, Taylor County; W. R. Ely, Judge. T. A. Bledsoe, of Abilene, for appellant. Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

HAWKINS, J. Appellant is under conviction for failure to stop an automobile operated by him and render aid to a party injured in a collision; the punishment being assessed at 30 days' confinement in the county jail and a fine of $100. No statement of facts nor bills of exception appear in the record. In this condition, nothing is presented to this court for review, and the judgment is affirmed.

---

**5**

G. S. SINGLETARRY v. STATE. (No. 9767.) (Court of Criminal Appeals of Texas. Feb. 3, 1926.) Appeal from Criminal District Court, Dallas County; Felix D. Robertson, Judge. Taylor & Irwin, of Dallas, for appellant. Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

HAWKINS, J. Appellant is under conviction for driving an automobile upon the public roads at a time when he was intoxicated; punishment being assessed at 60 days' confinement in the county jail. No bills of exception nor statement of facts are found in the record, and in this condition nothing is presented to this court for review, and the judgment is affirmed.

---

**6**

Mart SMITH v. STATE. (No. 9259.) (Court of Criminal Appeals of Texas. Nov. 25, 1925. Rehearing Denied Feb. 3, 1926.) Appeal from District Court, Shelby County; Chas. L. Brachfield, Judge. D. R. Taylor, of Center, and J. R. Bogard, of San Augustine, for appellant. Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

BERRY, J. The appellant was convicted in the district court of Shelby county for the offense of transporting liquor, and his punishment assessed at confinement in the penitentiary for a term of three years. There is found in the record what appellant claims is a motion in arrest of judgment, which contains some ten different complaints at various actions of the court; same ranging all the way from criticisms of the court's charge to the jury to the failure of the jury to take sufficient time to deliberate on the case. This identical paper is also found in the record, and called defendant's motion for a new trial. None of the complaints set out in either of said papers are based on bills of exception taken during the trial to the court's action in receiving or excluding testimony, or to his action in giving or refusing any charges to the jury. There are some five bills of exception shown, however; but these bill do no more than to take up the separate paragraphs of the motion for a new trial and complain at the court's action in overruling the same. Under this state of the record, we are forced to conclude that there is nothing before us calling for a reversal of the case. We have examined the statement of facts very carefully, and, while we do not commend the practice of the peace officers in going to appellant's home at